UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FORE INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:12-cv-01702-SEB-DML |
| | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY OF AMERICA, | ) | |
| THE TRAVELERS INDEMNITY | ) | |
| COMPANY, | ) | |
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY, | ) | |
| HINDERLITER ENVIRONMENTAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Motion to Remand

Fore Investments, LLC brought this action in the Marion Superior Court against its insurers, three related entities that will be referred to collectively as "Travelers," and against Hinderliter Environmental Services, Inc. ("Hinderliter"). Fore Investments' claims against Travelers and Hinderliter are distinct:  Briefly put, Fore Investments seeks coverage from Travelers for environmental liabilities Fore Investments incurred; it claims Hinderliter committed "professional negligence" in performing consulting services and remediation for Fore Investments, causing it to incur environmental liabilities.

Fore Investments is an Indiana citizen for federal diversity jurisdiction purposes because all of its members are Indiana citizens.  None of the defendant Travelers entities has Indiana citizenship, but Hinderliter is an Indiana

corporation.  Travelers removed the action to this court anyway, maintaining in its Notice of Removal (Dkt. 1) that the claims against Hinderliter have been "fraudulently misjoined," and that Fore Investments' claims against Travelers should therefore proceed in federal court.

Fore Investments has filed a motion to remand this case to the Marion Superior Court (Dkt. 17).[1]  It argues that the status of Hinderliter prevents the court from exercising jurisdiction because Hinderliter shares citizenship with Fore Investments, and thus the complete diversity between the plaintiff and defendants as required for diversity jurisdiction is lacking.  *See* 28 U.S.C. § 1332(a)(1); *Strawberry v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (section 1332 diversity jurisdiction requires complete diversity of all plaintiffs from all defendants).  Fore Investments also maintains that (a) Hinderliter is a citizen of Indiana and when a party "properly joined and served" as a defendant is a citizen of the forum state the case is not removable on diversity grounds, 28 U.S.C. § 1441(b)(2) (the "forum defendant" rule), and (b) Hinderliter did not consent to removal as required under 28 U.S.C. § 1446(b)(2)(A) for all defendants "who have been properly joined and served."  As referenced above, Travelers contends that these principles did not prevent removal, nor do they prevent the court from exercising diversity jurisdiction, because the claims against Hinderliter were "fraudulently misjoined" in the complaint. On this basis, it contends that Hinderliter's citizenship does not count in evaluating diversity under section 1332,

---

[1]    The parties have consented to the magistrate judge's jurisdiction to decide this motion.  *See* Dkts. 33, 35.

and without proper joinder, the forum defendant rule and consent rule are inapplicable by their terms.   Travelers asks the court to retain jurisdiction over the claims brought by Fore Investments against Travelers, and to sever and remand only the claims against Hinderliter.

### Introduction

The motion to remand raises the threshold issue of whether "fraudulent misjoinder" is a cognizable doctrine.  Though similar in name, the doctrine is not to be confused with "fraudulent joinder," a broadly-recognized principle that directs the federal court to disregard for diversity jurisdiction purposes the citizenship of a non-diverse defendant against whom the asserted claims are "utterly groundless." *See, e.g., Walton v Bayer Corp,* 643 F.3d 994, 999 (7th Cir. 2011).  "Fraudulent misjoinder," on the other hand, does not challenge the viability of the plaintiff's claims against the non-diverse defendant; rather, it rests on the assertion that those claims should not have been joined in the same action as the claim the plaintiff brought against the diverse defendant.  And as explained below, the consequence of a finding of fraudulent joinder is also markedly different from the consequence of "fraudulent misjoinder."

Neither the Supreme Court nor the Seventh Circuit has expressly accepted or rejected the doctrine of fraudulent misjoinder.  At least one circuit court of appeals has accepted fraudulent misjoinder as a jurisdictional principle. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996).  The district courts are divided.

For the reasons explained in the Analysis section of this order, the court determines that "fraudulent misjoinder" is not a basis for a federal court to disregard, for removal purposes, legally cognizable claims brought against a non-diverse defendant.  The assertion that those claims have been misjoined should be determined by a state court applying its own procedural rules.  The court therefore will not ignore Hinderliter's citizenship and, because complete diversity is lacking, this case must be remanded to the Marion Superior Court.

## Analysis

### I.  Fraudulent joinder is a well-accepted concept in removal jurisprudence.

Under 28 U.S.C. § 1441(a), a civil action filed in state court over which a United States district court would have original jurisdiction may be removed by the defendant(s) to a federal district court.  Where original jurisdiction is based on diversity under 28 U.S.C. § 1332, the presence of a non-diverse defendant prevents removal unless the removing defendant can show that the plaintiff's joinder of the non-diverse defendant was "fraudulent."  *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 72-73 (7th Cir. 1992); *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.,* 842 F.2d 946, 950 (7th Cir. 1988).  Joinder is deemed fraudulent when the claim against the non-diverse defendant is groundless and there is "no chance" the plaintiff could recover against him.  *Poulos,* 959 F.2d at 73.  The Seventh Circuit has explained that a diverse defendant may remove a civil action notwithstanding the presence of a non-diverse defendant if, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state [non-

diverse] defendant." *Poulos,* 959 F.2d at 73 (emphasis in original); *Auto Lube,* 842 F.2d at 950 (The removing party "must show that there is no possibility that plaintiff could establish a cause of action against the resident defendant in state court.")

In such a case, the fraudulently joined defendant is dismissed with prejudice, and the case may proceed in federal court between the now-diverse parties. *Faucett v. Ingersoll-Rand Mining & Machinery Co.,* 960 F.2d 653, 654 (7th Cir. 1992) (district court "has the authority to dismiss parties who have been fraudulently joined"); *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 763 (7th Cir. 2009) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)) (doctrine of fraudulent joinder "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction'").

This doctrine of fraudulent joinder has widespread acceptance among the federal circuit courts of appeal.[2]   And though the doctrine has not been discussed by

---

[2]        *See, e.g., Bounds v. Pine Belt Mental Health Care Res.,* 593 F.3d 209, 215 (2d Cir. 2010) (under fraudulent joinder doctrine, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court"); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation and citation omitted) ("joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant"; "If there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder is proper and remand the case to state court."); *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation and citation omitted) (fraudulent joinder requires

the Supreme Court in the last 75 or 100 years—and thus not in connection with any of the removal statutes of recent vintage—the origins of this doctrine can be traced to several Supreme Court cases decided early in the last century. *E.g., Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921) (affirming district court's denial of remand where plaintiff's joinder of non-diverse defendant "was a sham and fraudulent—that is, without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against [that defendant]"; *Chicago, R.I. & P. Ry. Co. v. Whiteaker,* 239 U.S. 421, 425 (1915) (quoting *Chesapeake & O. R. Co. v. Cockrell,* 232 U.S. 146, 152 (1914)) (there must be a showing that "'compels the conclusion that the joinder is without right and made in bad faith'"; the joinder "'was not such . . . unless it was without any reasonable basis'").

---

showing by removing party that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court"); *Smallwood v. Illinois Central Ry. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (test for fraudulent or improper joinder is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant"); *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law"); *Block v. Toyota Motor Corp.,* 665 F.3d 944, 948 (8th Cir. 2011) (fraudulent joinder applies where there is no reasonable basis for predicting that state law "might impose liability based upon the facts involved"); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964) (internal citations omitted) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists."); *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation and citation omitted) (removing party has burden to show that "there is no possibility the plaintiff can establish a cause of action against the resident defendant").

Travelers does not contend, nor could it, that the doctrine of fraudulent joinder applies to defendant Hinderliter. There is no suggestion that Fore Investments' claim against Hinderliter for negligent performance of environmental consulting and remediation services has virtually no chance of success under Indiana law.

Instead, Travelers argues that Fore Investments misjoined in one civil action its claims against Hinderliter and its claims against Travelers, and that the claims are so unrelated that the court may deem the claims against Hinderliter to have been "fraudulently" misjoined for the purpose of depriving Travelers of a federal forum. Travelers contends that the court may thus sever the claims against Hinderliter and remand those claims to state court, and retain Fore Investments' claims against Travelers for which—without Hinderliter in the case—the requirements for diversity jurisdiction are met. This concept of "fraudulent *misjoinder*" is addressed below.

## II.   Fraudulent misjoinder has *not* been widely accepted.

### A.   *Tapscott v. MS Dealer Service Corp.*

District court decisions addressing a doctrine of fraudulent misjoinder for removal jurisprudence trace to the 1996 decision of the Eleventh Circuit Court of Appeals in *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996). Gregory Tapscott, an Alabama citizen, filed a class action against numerous defendants, one of which was also a citizen of Alabama, alleging that they had violated various provisions of Alabama state law and committed fraud in their sale

7

of service contracts for automobiles sold and financed in Alabama.  While the case was still in state court, the plaintiff filed an amended complaint adding new plaintiffs and defendants, as well as a new claim.  The new claim was brought by two new plaintiffs (Davis and West), who were Alabama citizens, as representatives of a putative class against Lowe's Home Centers, a North Carolina citizen.  This claim alleged violations of Alabama law arising out of the sale by Lowe's of extended service contracts in connection with the sale of retail products.  Lowe's removed the case to district court and moved to sever the retail products claims by Davis and West against it from the automobile service contract claims asserted by the other plaintiffs against the other defendants.  Davis and West moved to remand.

The district court granted Lowe's motion to sever, denied Davis and West's motion to remand as to Lowe's, and remanded to state court the claims against the other defendants.  The district court found that there was no connection between the claims by Davis and West against Lowe's regarding Lowe's sale of retail extended service contracts and the claims by the other plaintiffs against the other defendants regarding the sale of automobile service contracts.  That court held that the plaintiffs' joinder of these claims in one suit was an "improper and fraudulent joinder, bordering on a sham."  *See* 77 F.3d at 1360.

In affirming the district court's decision, the Eleventh Circuit rejected the plaintiffs' argument that a misjoinder of parties, no matter how egregious, cannot be fraudulent joinder.  *Id.*  The court first analyzed whether the joinder of the claims against Lowe's with those against the other defendants comported with Fed.

R. Civ. P. 20, though noting earlier in the opinion that Rule 20 of the Federal Rules of Civil Procedure is identical to Rule 20 of the Alabama Rules of Civil Procedure. Rule 20 of the Federal Rules, then and now,[3] allows defendants to be joined in one action when a right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is a question of law or fact common to all defendants.  The *Tapscott* court found that the only relationship among the claims was that all defendants were alleged to have violated the same Alabama statutes, but otherwise the claims against the other defendants had no "real connection" to the claims against Lowe's and were improperly joined.  *Id.*

The Eleventh Circuit equated the potential for mischief arising from a plaintiff's misjoining of claims with the mischief associated with a plaintiff's joinder of a non-diverse defendant "against whom a plaintiff has no possibility of a cause of action."  *Id.*  As with its test for fraudulent joinder, which applies only to claims against a non-diverse defendant so devoid of merit that they may objectively be deemed to have been brought to avoid removal, the court grafted a degree of mischief—*egregious* misjoinder—onto the test for fraudulent misjoinder.  It said:

> We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder.  We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that [the plaintiffs'] attempt to join these parties is so egregious as to constitute fraudulent joinder.

*Id.*

---

[3]     Fed. R. Civ. P. 20 has been amended since the 1996 *Tapscott* decision, but the language relevant here is substantively the same as it was in 1996.

### B. *Tapscott* has not been adopted by other circuits, and district courts are divided.

The United States Supreme Court has never addressed the viability of the "fraudulent misjoinder" theory. And in the nearly twenty years since the *Tapscott* decision, none of the other circuit courts has expressly adopted fraudulent misjoinder as a basis for removal, though the Fifth Circuit has acknowledged its possible application. *See In re Benjamin Moore & Co.,* 309 F.3d 296, 298 (5th Cir. 2002) (denying petition for mandamus regarding district court's failure to address misjoinder, noting that the issue was timely raised but inadvertently overlooked and "it might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity").[4] The Seventh Circuit has never addressed the issue.

The Eighth, Ninth, and Tenth Circuits have declined to decide whether to adopt or reject the doctrine. *See In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 622 (8th Cir. 2010) ("We make no judgment on the propriety of the [fraudulent misjoinder] doctrine in this case, and decline to either adopt or reject it at this time."); *California Dump Truck Owners Ass'n v. Cummins Engine Co.,* 24 Fed. App'x 727, 729 (9th Cir. 2001) (unpublished) (noting the Eleventh Circuit's recognition of the theory of egregious misjoinder and assuming, but without deciding, that the Ninth Circuit would accept the doctrine and apply it to

---

[4]     On the case's return from the writ proceeding, the district court explained that it had not ignored the defendant's fraudulent misjoinder argument but had determined that the plaintiff had not fraudulently misjoined claims. The court thus remanded to state court. The defendants petitioned again for a writ of mandamus, but the remand decision was not reviewable on appeal. *See In re Benjamin Moore & Co.,* 318 F.3d 626 (5th Cir. 2002).

allegations of misjoined plaintiffs); *Lafalier v. State Farm Fire & Cas. Co.,* 391 Fed. App'x 732, 739 (10th Cir. 2010) (declining to decide whether to adopt jurisdictional rule of procedural misjoinder as in *Tapscott* because it would not change the result in the case).

District courts are divided about whether *Tapscott*-like fraudulent misjoinder is a viable doctrine permitting removal, followed by severance and remand of misjoined claims, to establish diversity jurisdiction for the retained parties and claims.

Travelers points out—correctly so—that judges in this district have considered and analyzed fraudulent misjoinder arguments. *See Lyons v. Lutheran Hosp. of Indiana,* 2004 WL 2272203 at *4-5 (S.D. Ind. Sept. 15, 2004); *In re Bridgestone/Firestone, Inc.,* 260 F.Supp.2d 722, 728 (S.D. Ind. 2003); *Conk v. Richards & O'Neil, LLP,* 77 F.Supp.2d 956, 971 (S.D. Ind. 1999).  None of those decisions, however, includes an express endorsement of the doctrine or compels the conclusion that fraudulent misjoinder ought to be adopted as a basis for permitting removal in the absence of complete diversity.  First, in none of these cases was recognition of the doctrine necessary to the court's decision.  That is, in each of these cases, no fraudulent misjoinder—whatever its contours might be—was found, and the case was therefore remanded to state court.[5]  Moreover, these opinions

---

[5]    This court does not resolve the issue in a like manner because of the strength of Travelers's arguments that the claims against Hinderliter are misjoined with the claims against Travelers.  Because the court determines that fraudulent misjoinder is not a viable removal principle, it does not determine whether the claims are

should not be read as endorsements of the doctrine, and they in fact identify some of the difficulties in applying the theory.  All of these opinions note, for example, that the federal district court would need to apply the state's procedural joinder rule rather than Fed. R. Civ. P. 20.[6]  And both Judge Hamilton (in *Conk*) and Judge Barker (in *Bridgestone/Firestone*) pointed out the difficulty of applying *Tapscott* because the standard is difficult to define.  *See* 77 F.Supp.2d at 970-71 & n.5 (citing 14B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice & Procedure* § 3723 at 657 (3d ed. 1998)) (observing *Tapscott's* "cryptic" explanation of "egregious" misjoinder); 260 F.Supp.2d at 728 ("what the 'something more' is was not clearly established in *Tapscott* and has not been established since").

Recent decisions by courts in the Southern District of Illinois have rejected the doctrine of fraudulent misjoinder as a basis for removal.  *See Rutherford v. Merck & Co.,* 428 F.Supp.2d 842 (S.D. Ill. 2006) (rejecting doctrine because, among other things, fraudulent misjoinder is an unwarranted expansion of federal jurisdiction); *In re Yasmin and Yaz (Drospirenone) Mkting, Sales Practices and Products Liab. Lit.,* 779 F.Supp.2d 846, 856-57 (S.D. Ill. 2011) (finding that although claims and parties were improperly misjoined, misjoinder is not a basis for removal jurisdiction).

---

misjoined—egregiously so or not.  That is a decision for the state court, assuming Travelers asks the state court to sever the cases on the basis of misjoinder.

[6]     In *Bridgestone/Firestone*, that was a distinction with a difference.  *See* 260 F.Supp.2d at 730-31 (noting that analysis under Fed. R. Civ. P. 20 would likely have produced a different result).

III.   **Fraudulent misjoinder is not a cognizable basis for removal.**

    **A. The fraudulent misjoinder doctrine is too imprecise to serve as a jurisdictional rule.**

Canvassing the cases decided since *Tapscott,* the district court in *Rutherford* recognized that a jurisdictional rule should be simple, precise, and easy to apply. It held that the fraudulent misjoinder doctrine had emerged in so many variations that it has proven itself to be unworkable as a jurisdictional rule.  428 F.Supp.2d at 852-54 (citing *Knudsen v. Liberty Mutual Ins. Co.,* 411 F.3d 805, 806 (7th Cir. 2005) ("the first virtue of any jurisdictional rule is clarity and ease of implementation"), and *In re Lopez,* 116 F.3d 1191, 1194 (7th Cir. 1997) ("Jurisdictional rules ought to be simple and precise so that judges and lawyers are spared having to litigate over not the merits of a legal dispute but where and when those merits shall be litigated."))  This court finds that the fraudulent misjoinder theory fails the simplicity/precision/ease of application test in four principal ways.

First, courts disagree about whether the fraudulent misjoinder contention should be tested by the state rule of procedure that governed the filing of the case in state court or by the federal rules of civil procedure, which govern the procedural aspects—including joinder—of all cases while in federal court.  *E.g., compare Tapscott,* 77 F.3d at 1360 (applying Fed. R. Civ. P. 20), *with Conk,* 77 F.Supp.2d at 971 (analysis would be made under the state procedural law that governed the filing of the complaint in state court).  Though in many cases, there may not be any practical difference between applying Fed. R. Civ. P. 20 and the applicable state's joinder rule (the language of the state rules were the same as Fed. R. Civ. P. 20 in

13

both *Tapscott* and *Conk*), that is not necessarily so for all of the fifty states.  And as Judge Barker observed in *Bridgestone/Firestone*, even if the language of the state procedural rule is, as it was there, "identical in all relevant respects," the federal court would be required to look beyond the language of the rule to decisions of that state's highest court to ascertain the degree of liberality with which the rule was applied.  *See* 260 F.Supp.2d at 729.

Second, even if one accepts Judge Hamilton's and Judge Barker's better-reasoned views that misjoinder would be tested by the trial rule that governed the filing of the complaint in state court,[7] that situation presents another difficulty. The fact that a state *procedural* rule should apply to a federal court's analysis further suggests that the fraudulent misjoinder doctrine is an ill-advised jurisdictional rule.  State procedural rules are not the bailiwick of federal judges. Under *Erie,* "federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996), and when a matter is covered by a federal rule of civil procedure, then the matter is procedural and "the Federal Rule applies regardless of contrary state law."  *Id.* at 427 n.7.  Further, removal jurisprudence is intended to be nationwide and uniform in its application, unaffected by and irrespective of local law. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941) (addressing Congress's limitation of the right of removal).

---

[7]    For how could the joinder be deemed "fraudulent" if it was in accord with the state procedural rule that governed the filing of the complaint?

Third, courts have had difficulty determining how "bad" the plaintiff's misjoinder of claims against defendants must be in order to be labeled "fraudulent." *Tapscott* ruled that the misjoinder must be "egregious"; some courts have borrowed *Tapscott's* observation that "something more than 'mere misjoinder'" is required, but without articulating what is "more" than "mere" misjoinder, *see Asher v. Minnesota Mining and Mfg. Co.,* 2005 WL 1593941 at **5-7 (E.D. Ky. 2005) (canvassing cases). And at least one district court has found that "mere" misjoinder is enough and the "egregious nature of the misjoinder is not relevant to the analysis." *Burns v. Western S. Life Ins. Co.,* 298 F.Supp.2d 401, 403 (S.D. W.Va. 2004). *See also Bridgestone/Firestone,* 260 F.Supp.2d 722, 728 (S.D. Ind. 2003) (noting that it was not clearly established in *Tapscott,* and has not been since, precisely what is the "something more" than mere misjoinder required for fraudulent misjoinder).

Fourth, the imprecision in application of a fraudulent misjoinder doctrine stems also from the discretionary and case-specific analysis that underlies any Rule 20 decision, whether under the federal rule or a similar state rule of procedure. *See McDowell v. Morgan Stanley & Co.,* 645 F.Supp.2d 690, 694 (N.D. Ill. 2009) (discussing case-specific and discretionary nature of Rule 20 permissive joinder inquiry); *Mercantile Nat'l Bank v. Underwood,* 906 N.E.2d 881, 886 (Ind. Ct. App. 2009) (holding that an Indiana trial court's decision whether claims were misjoined is reviewed for abuse of discretion). *See also Bridgestone/Firestone,* 260 F.Supp.2d at 729-31 (noting the broad discretion given to Mississippi trial courts to permit or deny joinder). So not only could the federal district court applying a fraudulent

misjoinder analysis be put in the unusual position of applying a state procedural rule, but it would also be required to speculate about how that state's trial courts would exercise their discretion in case management.  This is quite different from the analyses underlying the established "plain" fraudulent joinder inquiry.  There, the federal court engages in a legal analysis routine in diversity cases:  determining the viability of the plaintiff's claim under state substantive law, while resolving the facts in favor of the plaintiff.  That analysis is neither procedural nor discretionary. Acceptance of the theory of fraudulent misjoinder, on the other hand, would elevate what is a state procedural rule—discretionary in its application and focused in part on case management—to a federal jurisdictional principle.

These factors have convinced some courts—including this one—that misjoinder is better decided in the first instance by the state court, applying its own state procedural rules rather than by a federal court attempting to determine whether a state court, in its discretion, might view the plaintiff's joinder of claims against multiple defendants as permissible (no misjoinder), improper but barely so ("mere" misjoinder), or in egregious disregard of the state's joinder rules. *Rutherford,* 428 F.Supp.2d at 851 ('whether viable state-law claims have been misjoined—even "egregiously" misjoined—is a matter to be resolved by a state court"); *Geffen v. General Elec. Co.,* 575 F.Supp.2d 865, 871 (N.D. Ohio 2008) ("the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law" and whether the proper remedy is to sever the parties and claims into different cases); *Osborn v. Metropolitan Life Ins. Co.,* 341 F.Supp.2d

1123, 1127 (E.D. Cal. 2004) ("the better rule would require [the diverse defendant] to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court"); *see also Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529 (5th Cir. 2006) (defendants asked state court to sever claims; the state court's severance of claims against group of defendants triggered right to remove because diversity jurisdiction now existed).[8]

    This court therefore finds that misjoinder is a question for the state court, applying its own procedural rules and its own discretion.

    Further, as addressed below, the court is convinced that amendments to the removal statute in 1990 evince Congress's intent that for a civil action removed solely on diversity grounds, a federal court may not accept only part of a case as

---

[8]    A case that is not removable in its original incarnation but later meets the tests for removal because of a voluntary act by the plaintiff, such as his dismissal of the non-diverse defendant, becomes removable at that point so long as a notice of removal is filed within the permitted time. *See* 28 U.S.C. § 1446(b)(3) and (c). Generally, however, if removability arises because of a court order entered over the plaintiff's objection (such as an adverse ruling on a motion to dismiss the non-diverse defendant), removability is said to have arisen involuntarily and does not trigger a right to remove. *See Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71-72 (7th Cir. 1992) (discussing voluntary/involuntary rule). The Seventh Circuit has not, however, addressed whether this distinction applies to diversity created by a state court's severance of misjoined claims.
    The Fifth Circuit in *Crockett* held that a state court's severance order to correct a plaintiff's misjoinder of defendants is an exception to the voluntary/involuntary rule—meaning that, even though a state court may have ordered the severance of claims despite the plaintiff's objection, that court order can trigger a right to remove. 436 F.3d at 533 ("[R]emoval on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule.")

properly removed and within its diversity jurisdiction while severing the rest for remand to state court.

### B. Amendments to the removal statute indicate that the doctrine of fraudulent misjoinder is inconsistent with Congressional intent.

A distinguishing feature between fraudulent joinder and *Tapscott*-like fraudulent misjoinder is the consequence of a district court's decision that joinder was fraudulent. Under the well-accepted doctrine of fraudulent joinder, the fraudulently joined party is dismissed, the district court having determined that the claims against him have no chance of success under any reasonable application of the substantive state law governing the claims. There is nothing to remand to state court. In contrast, if a court found fraudulent misjoinder, the parties and claims that were misjoined (egregiously or otherwise, depending on the jurisdiction) would be severed and remanded to state court for decision on the merits. The claims remaining following that severance would, as the theory goes, stay in federal court. That result is not consistent with the removal statute.

Removal is a matter of Congressional grace, and Congress has authorized the removal of certain types of cases filed in state court since the Judiciary Act of 1789. *See Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 386 (1998). Over the years, Congress has amended the removal statutes to limit removal jurisdiction. *See, e.g., American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 9-10 (1951). For example, before 1948, Congress permitted removal "when in any suit . . . there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them." *Finn,* 341 U.S. at 9 (quoting 28 U.S.C. (1946

ed.) § 71).  In 1948, Congress replaced this provision with 28 U.S.C. § 1441(c), which allowed removal of an entire case "[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action," and permitted the district court to decide the entire case "or, in its discretion, [to] remand all matters not otherwise within its original jurisdiction."  *See id.*

This 1948 version of the removal statute contemplates the very procedure Travelers asks the court to follow here:  to sever the non-removable claim against Hinderliter and remand it to state court.  But in 1990, Congress again amended section 1441 and *eliminated* the application of subsection (c) to cases within the court's diversity jurisdiction.  It rewrote section 1441(c) to apply solely to cases within the court's federal question jurisdiction:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by *section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (1990) (emphasis added).  Section 1441(c) was amended again effective January 6, 2012, and continues to be limited to cases within the court's federal question jurisdiction, but it now further limits jurisdiction by *requiring* the district court to sever from the federal question claims (and those within the court's supplemental jurisdiction) the otherwise non-removable claims and remand those severed claims to state court. 28 U.S.C. § 1441(c) (2012).

The court must assume that Congress's elimination of diversity cases from the procedure authorized by section 1441 for remanding "separate and independent causes of action" not otherwise within the court's jurisdiction evinces its intent to restrict and limit removal jurisdiction.  *See Finn,* 341 U.S. at 10 (noting the importance of giving effect to Congress's purpose to "abridge the right of removal").  The court finds that the doctrine of fraudulent misjoinder advanced by Travelers as the basis for removal runs afoul of Congress's intent as expressed in the 1990 amendments to section 1441.

## Conclusion

For the reasons explained in the Analysis section of this order, the court determines that "fraudulent misjoinder" is not a basis for a federal court to disregard, for removal purposes, legally cognizable claims brought against a non-diverse defendant.  The assertion that those claims have been misjoined should be determined by a state court applying its own procedural rules.  The court therefore will not ignore Hinderliter's citizenship and, because complete diversity is lacking, this case must be remanded to the Marion Superior Court.

The court declines, however, to award attorneys' fees under 28 U.S.C. §1447(c).  Travelers's arguments that Hinderliter's citizenship could be ignored under the doctrine of fraudulent misjoinder, and the claims against it remanded to state court, did not lack an objectively reasonable basis.  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Fore Investments' motion to remand is GRANTED.  (Dkt. 17).  This action is REMANDED to the Marion Superior Court.

So ORDERED.

Date: _07/09/2013_____

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

**All ECF-registered counsel of record via email generated by the court's ECF system**

21